UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

April R. Parsons,
                          Plaintiff,

    v.                                         07-CV-1053

Commissioner of Social Security,
                          Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

## I.      INTRODUCTION

Before the Court is Plaintiff's motion for payment of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) for a total of 30.6 hours and for the award of these fees directly to counsel. The Commissioner of Social Security objects to the calculation of the cost-of-living rate.

## II.     DISCUSSION

The EAJA counters economic barriers that might deter individuals from seeking review of government decisions by allowing an award of attorney fees to successful litigants. Trichilo v. Secretary of Health and Human Services, 823 F.2d 702, 704 (2d Cir. 1987). The Court determines the appropriate amount of attorney's fees when such fees are awarded pursuant to the EAJA. See Bingham v. Zolt, 66 F.3d 553, 565 (2d Cir. 1995). The "lodestar" method is general used in calculating awards of attorney's fees. See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 564 (1986). There is a two-step process in the "lodestar" method requiring the Court to: (1) multiply "the hours

reasonably expended on the litigation . . . [by] a reasonable hourly rate," and (2) to consider if there are any appropriate discretionary adjustments to this amount. Id.; Hensley v. Eckerhart, 461 U.S. 440 (1983); Mar Oil, S.A. v. Morrisey, 982 F.2d 830, 841 (2d Cir. 1993).

In using the lodestar method, the Court will review the time records that the attorney submitted. Records submitted by an attorney should be detailed; "[w]here adequate contemporaneous [time] records have not been kept, the court should not award the full amount requested." Mar Oil, 982 F.2d at 841 (2d. Cir. 1993) (quoting F. H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1265 (2d. Cir. 1987)). Determination of "hours reasonably spent" is made on a case by case basis and a court should consider "whether the [number] of hours claimed reasonably reflects the quantity and quality of the work performed," as well as consideration of counsel's experience. Fiacco v. City of Rensselaer, 663 F. Supp. 743, 745 (N.D.N.Y. 1987); Nazario v. Comm'r of Soc. Sec., 2006 U.S. Dist. Lexis 94512 at *7 (S.D.N.Y. 2006).

The Court may for lodestar purposes exclude any hour that appears excessive or redundant and "[t]he Second Circuit has cautioned that attorney's fees are to be awarded 'with an eye to moderation.'" Fiacco, 664. F. Supp. at 744 (quoting New York State Association for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1139 (2d. Cir. 1983)). The success of the claimant on its claims should also enter into the proper computation of hours. Hensley, 461 U.S. at 436. Additionally, an award of attorney's fees should not be "a form of economic relief to improve the financial lot of attorneys, nor were [attorney's fee statutes] intended to replicate exactly the fee an attorney could earn through a private fee arrangement with his client." Delaware Valley, 478 U.S. at 565.

In the Northern District of New York, as well as in other districts within the Second Circuit, the average time approved by courts for routine social security disability cases ranges from twenty to forty hours.  See, e.g., Greenidge v. Barnhart, 2005 U.S. Dist. Lexis 1996, at *16 (N.D.N.Y. 2005)(awarding 40 hours for a social security disability case where Plaintiff requested over eighty hours); see also, Grey v. Chater, 1997 U.S. Dist. Lexis 208, at *5 (S.D.N.Y. 1997) (reducing the fee application, in a case that was not complex, from 60 to 30 hours); Cruz v. Apfel, 48 F. Supp.2d 226, 231 (E.D.N.Y. 1999)(stating that in the Eastern District of New York, routine social security disability cases warrant 20 to 40 hours of attorney time); Pribek v. Sec., Dept. Health and Human Servs., 717 F. Supp. 73, 75 (W.D.N.Y. 1989)(approving forty hours); DiGennaro v. Bowen, 666 F. Supp. at 433 (E.D.N.Y. 1987)(noting compensation in such cases generally ranges from twenty to forty hours); Ceglia v. Schweiker, 566 F. Supp. 118, 125 (E.D.N.Y. 1983) (approving twenty hours); San Filippo v. Sec. Dept. Health and Human Servs., 564 F. Supp. 173, 177 (E.D.N.Y. 1983) (approving forty-one hours); Vega v. Schweiker, 558 F. Supp. 52, 54 (S.D.N.Y. 1983) (approving approximately thirty hours).

Once the Court has determined the amount of hours reasonably expended, compensation is calculated based on application of the prevailing market rates for comparable attorneys of comparable skill and standing in the pertinent legal community.  The EAJA provides for a $125 per hour rate; however, it allows adjustments to the statutory amount based on increases in cost of living.  28 U.S.C. 2412 (d)(2)(A); Kerin v. United States Postal Service, 213 F.3d 185, 194 (2d. Cir. 2000).

Here, Attorney Antonowicz seeks fees under the EAJA, 28 U.S.C. Section 2412(d) for a total of 30.6 hours and for the award of these fees directly to counsel. The Commissioner of Social Security objects solely to the calculation of the cost-of-living rate. Both Plaintiff and the Commissioner base their respective rates on U.S. Department of Labor Bureau of Labor Statistics data. Plaintiff's cost-of-living data comes from the August 2008 Consumer Price Index for the Northeast Region which was the latest data at the time Plaintiff filed the motion. This Index provides a base calculation rate of $233.788 to which Plaintiff applies a series of calculations to arrive at an hourly EAJA rate of $202.35. Plaintiff requests a total of $6,238.91 including filing fees, process service fees, and costs of photocopies. The Commissioner provides two charts as a basis for his alternate calculation of fees. One is of the Consumer Price Index based on all Urban Consumers which provides a U.S. city average for each year. The other chart entitled Hourly Rate Based on Cost of Living Adjustment charts the hourly rate for EAJA fees based on the CPI. The Commissioner contends that Plaintiff performed relevant legal work for 11.7 hours in 2007 and 18.9 hours in 2008 and that the 2007 rate was $166.48 and the 2008 rate was $173.17. The Commissioner contends that the attorney fees should be $5,220.49 in total.

In applying the first prong of the lodestar method, the Court must multiply hours reasonably spent by a reasonable rate. Nothing in the record indicates that Plaintiff's total of 30.6 hours is unreasonable and, as the Commissioner stipulates to this number of hours, this Court will accept this number to be a reasonable amount. At issue is the Plaintiff's proffered rate of $202.35 per hour versus Commissioner's average hourly rate of $166.48 and 2008 rate of $173.17.

Recently, Courts in this district have held "that the reasonable hourly rates in this District, i.e., what a reasonable, paying client would be willing to pay, were $210 per hour for an experienced attorney, $150 per hour for an attorney with four or more years experience, $120 per hour for an attorney with less than four years experience, and $80 per hour for paralegals." Paramount Pictures Corp., 2008 WL 314541, at *5 ( citing New Paltz Cent. Sch. Dist. v. St. Pierre, No. 1:02-CV-981, 2007 WL 655603, at *2 (N.D.N.Y. Feb. 26, 2007); see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 419 F.Supp.2d 206 (N.D.N.Y. 2005); Boyke v. Superior Credit Corp., No. 01-CV-0290, 2006 WL 3833544, at *10 (N.D.N.Y. Dec. 28, 2006) (citing DIRECTV, Inc. v. Cruz, No. 5:03-CV-644, 2006 WL 3386774, at *3 (N.D.N.Y. Nov. 21 2006)).

Plaintiff's counsel has not demonstrated to the Court his level of experience. Nevertheless, the Commissioner offered to pay an average hourly rate of $166.48 for 2007 and $173.17 for 2008, amounts that are higher than the $150 amount that Courts in this District have found reasonable for attorneys with average experience. The amounts offered by the Commissioner and the amount requested by Plaintiff's counsel fall between the range of $150 for attorneys with average experience and $210 per hour that is paid for experienced attorneys. The Court, therefore, finds that, in this case, in light of the Commissioner's concessions and Plaintiff's counsel's failure to demonstrate his level of experience, attorney's fees should be awarded at the rate of $195 per hour. The 30.6 hours worked multiplied at a rate of $195 per hour equals $5,967. Adding costs in the amount of $47.00 results in a total of $6,014.00.

## III.     CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney's fees including costs, to be paid directly to counsel, is GRANTED in the total amount of $6,014.00.

IT IS SO ORDERED.

Dated: December 9, 2008

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge